## ANN W. JETER *v.* ROSALIE DESLONDES.

Where property was secured to the wife in Virginia by deed of trust and it is subsequently removed to Louisiana by the husband, it cannot be sold on execution for the husband's debts.

Where slaves have been settled upon the wife by deed of trust in a State where such settlements were valid and vested the property in the wife, there is no law which requires such a title to be recorded when the slaves are subsequently removed to Louisiana.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. R. C. *McAlpin,* for plaintiff, contended: Plaintiff owned, in her own right, a valuable real estate in the State of Virginia, where she resided till within a few years last passed; that her husband owned a large number of slaves; that from losses in trade, he became embarrassed and was obliged to sell property to pay his debts; that plaintiff consented that her husband should sell her land to pay his debts, upon the condition that he would convey to her by means of a trust deed a number of slaves equal in value to her land. The trust deed was made, executed and duly recorded in the proper office in the State of Virginia. Her husband sold her land, and with the proceeds paid his debts; and she took possession of the slaves named and conveyed in the deed of trust. That plaintiff and her husband removed to the State of Louisiana, bringing with them the slaves in the deed of trust mentioned; that a judgment was recovered against her husband, in the parish of Jefferson, in favor of — *Mayo;* that a *fi. fa.* was issued to the sheriff of the parish of Orleans, who seized and sold the two slaves sued for. Plaintiff instituted her suit for the two slaves against the defendant, who purchased them at the sheriff's sale. In her petition plaintiff claims the two slaves as her own separate property, and makes protest on the trust deed under which she claims.

The defendant, in her answer, claims the slaves by virtue of the sheriff's title to her.

Plaintiff on the trial offered the trust deed as evidence of her title; which was admitted by the court. She claims to own the two slaves sued for, by virtue of the trust deed duly executed and recorded in the State of Virginia; that the consideration given by her for them was full and valuable; and that the transaction was lawful and *bonâ fide.*

The only legal point raised in the district court against the introduction of the trust deed, was, that it was not authenticated according to the requirements of the judiciary act of Congress of 1789.

In answer to that objection it may be remarked, that the deed is not, nor does it purport to be a judicial record; and therefore it does not fall within the province of that act of Congress.

The trust deed was not recorded in the State of Louisiana; and it is contended, that as it cannot be assimilated to a mortgage, it need not be recorded. It was not made to secure the payment of money; but to convey title in the only way that it could be done to a *feme covert* at common law. The naked fee or title by the deed vested in the trustees; the equitable title and usufruct vested in the plaintiff. The plaintiff, with her husband, some few years after the date of the deed, removed to Louisiana and brought with them the two slaves sued for. By the proof they are clearly identified as being named and conveyed in the deed. The legal possession was in the plaintiff, and not in the husband. They lived together; and it is believed to be a well settled principle of law, that where two or more are apparently in the possession of property, the law gives him the possession who has the right. It was a perfect alienation, according to the *lex loci contractus*, and would not be subject to the debts of the husband there, and, by comity, will be protected here.

*H. Griffon* and *C. S. Reese*, for defendant and warrantor, contended: The plaintiff and her husband, who were formerly residents of Virginia, removed to this State with several slaves, and have resided in the parish of Jefferson for several years. *J. E. Mayo*, of New Orleans, became the creditor of plaintiff's husband, obtained a judgment against him, and issued an execution, under which two slaves in his possession were seized and sold to the defendant.

After the sheriff's sale had taken place, the plaintiff brought this suit to recover the two slaves from the defendant, who was a purchaser in good faith, having no notice of her claim; and she alleges title in herself, under a conveyance from her husband by a deed of trust executed in Virginia, but never recorded in this State.

The slaves were decreed to be her property, and the defendant has appealed. The deed of trust was offered in evidence on the trial of the case. Whatever may be its effect as between the parties under the laws of Virginia, which are not proved, we contend that as regards third persons it can have no effect whatever, as it has not been recorded here. See 4 L. R. 54, and the case of *Tillman, Trustee*, v. *Drake*, 4th Ann. 16, on which we rely as conclusive on this point.

The two cases quoted, (11 L. R. 333 and 337,) have no analogy whatever with the present one; as in both of them it was alleged and proved, that the slaves seized never belonged to the party against whom they were seized, as his property; and in this case, on the contrary, the plaintiff herself alleges that the slaves seized and sold formerly belonged to her husband.

To give effect to such a deed against third persons in good faith, would tend to encourage fraud, especially under the circumstances of the present case, where the plaintiff and her husband stood by, never urged their claim, and suffered the property claimed by her to be sold, and only commenced this action some time after the sheriff's sale. The deed was in their possession in this State years before the slaves were seized. They never made it public; they kept it in their power to use it or not, as might best suit their purposes; the slaves remaining in possession of the husband, who obtained credit on account of the property of which he is the apparent owner.

We respectfully pray, that the judgment appealed from be reversed, and rendered for the defendant, with costs in both courts.

The judgment of the court was pronounced by

Eustis, C. J. This is an appeal taken by the defendant from a judgment of the Court of the Fourth District of New Orleans, by which the plaintiff

·recovered two male slaves of about sixteen years of age each. The plaintiff is a married woman, residing in the parish of Jefferson. She removed to this State from Virginia, where she was married, bringing with her the slaves in dispute. It appears by a deed of trust executed in Virginia on the 15th day of March, 1843, the two slaves, with other property, were conveyed to trustees residing in Virginia, for her exclusive benefit. By the said deed it was provided that the plaintiff should have, use, and possess the said slaves, their increase and profits, separately and apart from her husband, as completely as if she were an unmarried woman. This conveyance was made by her husband, but for a fair equivalent in real property transferred by her for his benefit. We are not aware of any legal objection to the validity of this deed under the laws of Virginia. It was not made to secure the payment of a debt, but for the purpose of conveying title to the wife in the only way that it could be done to a married woman at common law. The slaves were proved to have been in her possession until they were purchased here by the defendant, on the 14th June, 1849, under an execution issued on a judgment obtained against the husband in this State.

The plaintiff having been in possession of the slaves, under a title which conveyed and transferred the legal as well as the equitable interest in them from her husband, and the wife being authorized to possess and own property in her own right, it is clear that her ownership and possession cannot be disturbed under an execution against her husband. We are not aware of any decision of our courts by which titles to slaves brought into this State by the person to whom the title conveys them, are required to be recorded.

*The case cited from 4th Ann. 16, we consider not applicable to the present case. Judgment affirmed.*